IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04 CV 252

| | |
|---|---|
| MICHAEL J. QUILLING, Receiver for Frederick J. Gilliland,<br><br>      Plaintiff,<br><br>    v.<br><br>MARILYNN CRISTELL and the ESTATE OF RAYMOND R. CRISTELL,<br><br>      Defendants. | **ORDER** |

**THIS MATTER IS** before the Court upon Defendants Marilynn Cristell and the estate of Raymond R. Cristell's (collectively "Defendants") Motion for Certification of Interlocutory Decision for Appeal, to Stay, and Request to Transfer Venue, (file doc. 16), filed on February 23, 2006. Plaintiff Michael J. Quilling, Receiver for Frederick J. Gilliland ("Receiver") responded to this Motion on March 9, 2006, (file doc. 17). Defendants did not file a reply. Accordingly, the Motion is ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, for the below-stated reasons the Court will **deny** Defendants' Motion for Certification of Interlocutory Decision for Appeal, to Stay, and Request to Transfer Venue.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In March 2002, the Securities and Exchange Commission instituted suit against Frederick Gilliland in connection with a Ponzi scheme Gilliland had orchestrated to defraud investors out

of approximately $29 million.[1] On May 21, 2003, Michael J. Quilling was appointed as receiver for the estate of Frederick J. Gilliland, including entities such as Sterling Assets Services, Ltd., Sterling Management Services, Inc. and Eagle Asset Management, Inc. that were owned or controlled by Gilliland. *See* SEC v. Gilliland, 3:02CV128-K, doc. 21. The purpose of this receivership was to preserve and protect the assets of the Receivership Estate for the benefit of all creditors of the Receivership Estate including investors who had been defrauded by Gilliland's Ponzi scheme. *Id.*

By this lawsuit, the Receiver seeks to recover assets of the Receivership Estate that were fraudulently transferred to Defendants as part of Gilliland's Ponzi scheme. Specifically, the Receiver seeks to recover in excess of $115,000 of investor funds that were fraudulently diverted to the Defendants in late 1998 in the form of $25,000 in cash and a $90,000 1999 Mercedes Benz SL500. These assets were fraudulently transferred from Gilliland and/or entities owned or controlled by him to Defendants.

On July 26, 2004, Defendants moved to dismiss this action on the following grounds: (1) lack of personal jurisdiction; (2) lack of subject matter jurisdiction; (3) lack of standing; and (4) violation of the statute of limitations. On February 9, 2006, this Court entered an Order concluding that Defendants' arguments in the motion to dismiss ignored both the purpose of federal equitable receiverships and the procedures in place to meet that purpose. Accordingly, the Court denied Defendants' Motion to Dismiss. In response to that Order, Defendants now seek to have the interlocutory decision certified for appeal, and a transfer of venue.

---

[1] Gilliland was indicted by the United States for his criminal activity in this case and pled guilty to the charges on June 24, 2005.

## II. DISCUSSION

### A. Interlocutory Certification and Stay

As stated above, Defendants seek to appeal this Court's denial of their motion to dismiss. The applicable statute in making this determination states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Section 1292(b) "should be used sparingly and . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

Considering the standard provided in the above statute, this Court finds that its February 9, 2006 Order does not involve a controlling question of law as to which there is substantial ground for difference of opinion. As in their motion to dismiss, Defendants cite to two unpublished opinions from the Northern District of Illinois for the proposition that there is a substantial ground for difference of opinion on the personal jurisdiction issue. (Defs.' Mot. at 2.) However, as this Court stated in its Order, "[t]hese decisions are not binding on this Court and they fly squarely in the face of overwhelming authority to the contrary." (Feb. 9, 2006 Order at 5.) The opinions cited by Defendants fall far short of meeting the standard of a *substantial* ground for difference of opinion. In addition, the mere fact that the Fourth Circuit has not

addressed this issue does not create a reason to grant the certificate for interlocutory appeal. If that were the case, then district courts would have to grant the certificate after consideration of any novel issue – and the statute simply does not provide for that.

Defendants also argue that "their constitutional due process rights guaranteed by the Fifth Amendment exist independent of and should not be impacted by plaintiff's status as a receiver." (Defs.' Mot. at 2.) However, the Court also thoroughly addressed this issue in its Order. And, the Court cited numerous cases supporting the assertion of personal jurisdiction in this case. (Feb. 9, 2006 Order at 3.) Further, this Court is not of the opinion that an immediate appeal would advance the ultimate termination of the litigation. It follows that this Court will also deny the request for a stay pending appeal as the underlying request to appeal the Order has been denied.

B.   **Transfer of Venue**

Defendants request that this action be transferred to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendants assert that they reside in the Middle District of Florida, that they imagine any witnesses to the alleged transfers would also reside in Florida, and that Frederick Gilliland is incarcerated in Florida. (Defs.' Mot. at 3.) And, thus, it would be more convenient for the parties and witnesses, and in the interest of justice, to transfer the case to Florida. (Defs.' Mot. at 3.) It is well established that the moving party carries the burden of establishing that a case should be transferred to another venue. *Uniprop Mfrs. Hous. Cmtys. Income Fund II v.*

4

*Home Owners Funding Corp. of America*, 753 F. Supp. 1315, 1322 (W.D.N.C. 1990). This Court has consistently recognized that this burden is a heavy one and the decision to transfer is left to the sound discretion of the trial court. *Id.* (citations omitted).

In determining whether to transfer a case, the Court balances the convenience of the parties and witnesses, as well as the interests of justice. *Id.* "Because the movant assumes a heavy burden when making a motion to transfer, the motion will not be granted if a transfer would merely shift the inconvenience from the defendant to the plaintiff, or if the equities lean but slightly in favor of the movant after all factors are considered." *Id.* (*citing Phillips v. S. Gumpert Co. Inc.*, 719 F. Supp. 446, 727 (W.D.N.C. 1986)). Moreover, this Court has long held that the plaintiff's choice of forum should be accorded great weight. *Id.* (citations omitted). "'[A] plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed.'" *Id.* (*quoting Datasouth Computer Corp. v. Three Dimensional Techs., Inc.*, 719 F. Supp. 446, 451 (W.D.N.C. 1989)).

In addition, the Court cannot overlook Congressional intent in making this decision. As stated in this Court's previous Order, "though Defendants may be inconvenienced by litigating this matter in North Carolina, such inconvenience is not so extreme as to justify thwarting the congressionally articulated policy that allows for extraterritorial jurisdiction in receivership cases." (Feb. 9, 2006 Order at 6.) In considering Congressional intent along with the fact that Defendants assume the burden of establishing that a case should be transferred, this Court will not transfer the venue of this action. Defendants have done little more than speculate as to where witnesses may or may not be located and have simply stated that no evidence shows that the alleged transfer took place in North Carolina. However, they point to no evidence that shows it

5

took place in Florida at this point either.  Mere speculation will not be enough to overcome Congressional intent, accordingly, the Motion to Transfer Venue is denied.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Certification of Interlocutory Decision for Appeal, to Stay, and Request to Transfer Venue, (file doc. 16),  is hereby **DENIED**.

Signed: July 7, 2006

Richard L. Voorhees
United States District Judge